■ In the Matter of MARVIN M., a Person Alleged to be a Juvenile Delinquent, Appellant. [891 NYS2d 73]—

The court's finding as to resisting arrest was based on legally sufficient evidence and was not against the weight of the evidence. The evidence established that appellant entered the lobby of a school where he was not a student and, after being told to leave, unlawfully remained and then resisted arrest by struggling. The arrest was lawful, because it was based on probable cause to believe defendant was "in violation of a personally communicated request to leave the premises from a principal, custodian or other person in charge thereof" (Penal Law § 140.10 [c]). There is no record support for appellant's assertion that the lobby was open to the public.

However, the criminal trespass finding was based on insufficient evidence because the petition limited the presentment agency's theory to trespass on school property "in violation of conspicuously posted rules or regulations governing entry and use thereof," pursuant to Penal Law § 140.10 (b), and there was no evidence regarding posted rules or regulations. The supporting deposition did not cure this defect so as to afford appellant sufficient notice of this charge, and the presentment agency never sought to amend the petition. Concur—Mazzarelli, J.P., Catterson, Moskowitz, Richter and Manzanet-Daniels, JJ.